UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ISHAQ MUMIN aka MICHAEL DENT,

                    Plaintiff,

    -against-

JEEFREY R. JOHNSON, ISM at MDC Brooklyn;
MICHAEL A. ZENK, Warden at MDC-Brooklyn; LUIS
GERMAN, Assc Warden at MDC-Brooklyn; D. ORTIZ,
Assc Warden of Operations at MDC-Brooklyn; RINA
DESAI, Staff Attorney at MDC-Brooklyn; JUSTIN
LILIEN, Staff Attorney at MDC-Brooklyn; H. TURNER,
Asst ISM at MDC-Brooklyn; FERNANDO MESSER,
RISA, Federal Bureau of Prisons Northeast Regional
Office; SCOTT DODRILL, Regional Director, Federal
Bureau of Prisons Northeast Regional Office; JOHN
DOE #1, Regional Counsel, Federal Bureau of Prisons
Northeast Regional Office; BECKY TAMEZ, Chief
of Inmate Systems; WALLACE H. CHENEY, Asst
Director & General Counsel,

                    Defendants.
-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

07-CV-4973 (NG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 9 - 2008 ★
BROOKLYN OFFICE

GERSHON, J.:

Plaintiff, proceeding *pro se*, files the instant action pursuant to 42 U.S.C. §§ 1985(3) and 1997(d) alleging that defendants conspired to violate his constitutional rights by failing to properly calculate his prison sentence and denying his prison grievances. Plaintiff has been released and is residing in Albany, New York. He seeks declaratory relief and damages. Complaint at 19. For the reasons set forth below, the complaint is dismissed.

## BACKGROUND

This is not the first time that plaintiff has raised allegations concerning the improper calculation of his sentence and his frustration with the Bureau of Prisons' (BOP) refusal to conform his sentence to his arguments. Most recently, on May 3, 2005, plaintiff filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. A full history of plaintiff's underlying conviction for drug conspiracy in the United States District Court, Eastern District of Pennsylvania, his conviction in the United States District Court for the Southern District of New York for violating his term of federal supervised release, and his conviction in New York State court for a state narcotics violation, is delineated therein. Dent v. Zenk, 05-cv-02121 (NG) slip op. Plaintiff argued therein that credit for jail time spent in 1992 and the time he spent in pre-sentence state custody on the 2004 state narcotics conviction should be applied to his federal sentence. In an Order dated December 30, 2005, the Court denied the petition as to all claims. By Mandate issued November 27, 2008, the United States Court of Appeals for the Second Circuit affirmed this Court's decision stating:

> Dent argues that his prior periods of incarceration - one beginning in 1992 and the other in 2003 - should be credited towards the calculation of his sentence under 18 U.S.C. § 3585(b). The 1992 incarceration is not governed by section 3585 because it occurred prior to the offense of conviction. See 18 U.S.C. § 3585(b). The 2003 incarceration was for a state narcotics charge, not the federal violation of supervised release[] for which Dent was sentenced here. Cf. 18 U.S.C. § 3585(b)(1). Dent has also not shown that the 2003 incarceration was for "a charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." See 18 U.S.C. § 3585(b)(2). We have considered the remainder of Dent's arguments and find them to be without merit.

Dent v. Zenk, 06-0264-pr, slip op.

In the instant case, plaintiff complains of a different alleged miscalculation of his sentence by officials at the Metropolitan Detention Center (MDC). He dedicates the first two-thirds of his complaint to the history of his criminal convictions, plea negotiations and post-conviction relief. In the last third of his complaint, plaintiff alleges that the BOP failed to properly impose the concurrent federal and state sentences imposed in 2004 for his violation of

federal supervised release and state narcotics conviction,[1] Complaint at ¶ 40-46, and that the prison authorities unduly delayed the processing of his grievances over the course of 2005. Id. at ¶ 51,55. His grievance regarding the alleged miscalculation of his sentence was ultimately denied on April 25, 2005 by defendant Dodrill, Regional Director, Federal BOP, Northeast Regional Office, who stated: "Even though the court ordered a partially concurrent/consecutive sentence, there was no state sentence to run it concurrent to. The period of time you request to be credited toward the federal sentence, is to be credited by the state and cannot be awarded to the federal sentence pursuant to 18 U.S.C. § 3585 (b). Accordingly, your appeal is denied." Id. at ¶ 70.

In this action, plaintiff does not seek a change to his sentence (which he has already served), rather he seeks damages and a declaration that the BOP and its employees were in error. Specifically, he alleges that the defendants conspired to impose the wrong sentence in violation of his Eighth Amendment rights and precluded him from access to the courts in violation of his First Amendment rights by continually delaying and denying his grievances regarding his sentence calculation.

## DISCUSSION

A. Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

---

[1] This was the basis of a petition for a writ of habeas corpus plaintiff filed in this court in 2004. Dent v. Bureau of Prisons, 04-CV-4479 (NG). The petition was dismissed by Order dated December 27, 2004 for failure to exhaust administrative remedies.

from such relief." The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Plaintiff alleges that this court has federal question jurisdiction because he raises a claim pursuant to 42 U.S.C. § 1985(3) and 1997(d). Complaint at ¶ 1.

B. 42 U.S.C. § 1985

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege "(1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999). A conspiracy in violation of 42 U.S.C. § 1985(3) can be established by showing that the parties have a tacit understanding to carry out the prohibited conduct; it is not necessary to show that an explicit agreement exists. Id. (citing LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 427 (2d Cir. 1995)). However, plaintiff must also show that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus" behind the conspirators' actions. Id. (quoting Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1088 (2d Cir. 1993). Claims of conspiracy that are vague and provide no basis in fact must be dismissed. Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (as to a § 1985 claim, "a complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss"); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990), cert. denied, 499 U.S. 937 (1991); Silverman v. City of New York, No.

4

98-CV-6277, 2001 WL 21843, *7 (E.D.N.Y. Feb. 2, 2001).

Plaintiff's instant allegations do not allege a conspiracy, do not allege the existence of an agreement among defendants to deprive plaintiff of his constitutional rights and do not allege any discriminatory animus. Therefore, plaintiff's § 1985(3) claim must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

C. 42 U.S.C. § 1997(d)

Plaintiff also states that he brings his complaint pursuant to 42 U.S.C. § 1997(d). 42 U.S.C. § 1997(d) is a section of the Prison Litigation Reform Act and provides: "No person reporting conditions which may constitute a violation under this subchapter shall be subjected to retaliation in any manner for so reporting." While this section does not provide a private right of action, the Court liberally construes plaintiff's claim that defendants retaliated against him for filing grievances and lawsuits and violated his Fifth, Eighth[2] and Fourteenth constitutional rights in processing his grievances under the equivalent of 42 U.S.C. § 1983 action for federal prisoners, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In essence, plaintiff alleges that the defendants delayed and denied his grievances in retaliation for his having filed them. He cites to no instances of retaliatory behavior by the defendants beyond delay and denial. *Cf* Complaint at ¶ 53 (where defendant Johnson acknowledges to plaintiff that he is aware that plaintiff filed lawsuits and grievances and then

---

[2]A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when two requirements are met: alleged punishment must be found to be objectively, sufficiently serious, which requires showing that conditions are cruel and unusual under contemporary standards, and prison official involved must have a sufficiently culpable state of mind. U.S.C.A. Const.Amend. 8

asks, "How can I help you?"). Nor does plaintiff allege any punishment beyond the sentence he served or that his grievances were not processed.

In order to establish a First Amendment retaliation claim, a plaintiff must show (1) that he engaged in constitutionally protected speech or conduct, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected activity and the adverse action. Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). While the filing of lawsuits or prison grievances is a constitutionally protected activity, Graham v. Henderson, 89 F.3d 75, 80 (2d Cir.1996); Franco v. Kelly, 854 F.2d 584, 590 (2d Cir.1988), courts approach prisoner retaliation claims "with skepticism and particular care," however, because "virtually any adverse action taken against a prisoner by a prison official-even those otherwise not rising to the level of a constitutional violation-can be characterized as a constitutionally proscribed retaliatory act." Dawes, 239 F.3d at 491; see also Graham, 89 F.3d at 79 ("Retaliation claims by prisoners are 'prone to abuse' since prisoners can claim retaliation for every decision they dislike") (quoting Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir.1983)).

Since plaintiff has alleged no retaliatory conduct or any other conduct violative of his constitutional rights, only disagreement with the result of his grievances, this claim must also be dismissed. 28 U.S.C. § 1915 (e)(2)(B)(ii). Moreover, as plaintiff is no longer a prisoner at MDC, his claims for declaratory relief against officials at the facility are moot. Salahudding v. Goord, 467 F.3d 263, 272 (2d Cir. 2006)

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). This Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/NG

_____
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
April 4, 2008